UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X

WILLIAM DURLING, CHRIS BELLASPICA, :
TOM WOLFF, MICHAEL MORRIS, and :
RICHARD SOBOL, for themselves and all others :
similarly situated, :   Case No. 7:16-CV-03592-CS-JCM
:
                Plaintiff, :   Class/Collective Action
:
  - against - :
:
PAPA JOHN'S INTERNATIONAL, INC., :
:
                Defendant. :
:
-------------------------------------------------------------- X

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANT'S MOTION FOR LEAVE TO FILE UNDER SEAL

Pursuant to paragraph 17 of the Stipulated Protective Order (ECF No. 40) ("Protective Order"), Fed. R. Civ. P. 26(c) and Section 6 of this Court's ECF Rules, Defendant Papa John's International Inc. ("Defendant" or "PJI") moves for leave to file under seal unredacted versions of (i) Defendant's Memorandum of Law in Opposition to Plaintiff's Renewed Motion for Conditional Certification, (ii) the Declarations of Edmond Heelan, Billy Higdon, Joe Smith, Simon Smith (including Exhibit A thereto) and Bobbi Stewart, and (iii) Exhibits 1-2, 6-12, 16-21, and 33-34 of the Declaration of Gerald L. Maatman, Jr.  In support of this Motion, Defendant respectfully states as follows:

### STIPULATED PROTECTIVE ORDER

Pursuant to the Protective Order entered by this Court, Confidential Information is defined as: "trade secrets, commercially sensitive business information, and sensitive personal or financial information, that is produced by the Parties for the purpose of the Parties' litigation of

this action." Protective Order ¶ 17. The Protective Order also outlines the procedure for identifying such documents: Such documents or parts thereof will be designated after review by an attorney for the producing party by stamping the word Confidential on each page, or by notifying the Parties that such documents or parts thereof are designated as Confidential Information. Protective Order ¶ 17. Finally, the Protective Order instructs:

> Notwithstanding any other provision, no document will be filed with the Clerk under seal without a further Order of the Court addressing the specific documents to be sealed. Any application to seal shall be accompanied by an affidavit or affidavits and a memorandum of law demonstrating that the standards for sealing have been met and specifically addressing *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006) and any other controlling authority. Nothing herein is intended to alter or modify the applicability of Federal Rule of Civil Procedure 5.2 to this case. The redactions expressly authorized by Rule 5.2 may be made without further application to the Court.

Protective Order ¶ 17.

Defendant requests leave to file the following materials under seal because they are, or refer to, documents or information that either Plaintiffs or Defendant have designated "Confidential Information" pursuant to the Stipulated Protective Order:

- Defendant's Memorandum of Law in Opposition to Plaintiff's Motion for Conditional Certification;
- Exhibit 1 to the Declaration of Gerald L. Maatman, Jr. (third party declaration);
- Exhibit 2 to the Declaration of Gerald L. Maatman, Jr. (third party declaration);
- Exhibit 6 to the Declaration of Gerald L. Maatman, Jr. (third party declaration);
- Exhibit 7 to the Declaration of Gerald L. Maatman, Jr. (third party declaration);
- Exhibit 8 to the Declaration of Gerald L. Maatman, Jr. (third party declaration);
- Exhibit 9 to the Declaration of Gerald L. Maatman, Jr. (third party declaration);
- Exhibit 10 to the Declaration of Gerald L. Maatman, Jr. (third party declaration);

- Exhibit 12 to the Declaration of Gerald L. Maatman, Jr. (excerpts of the deposition transcript of Stephen Saunders in *Sullivan v. PJ United, Inc., et al.*, No. 13-CV-01275 (N.D. Ala.).

- Exhibit 16 to the Declaration of Gerald L. Maatman, Jr. (excerpts of the deposition transcript of Richard Sobol);

- Exhibit 17 to the Declaration of Gerald L. Maatman, Jr. (excerpts of the deposition transcript of Michael Morris);

- Exhibit 18 to the Declaration of Gerald L. Maatman, Jr. (excerpts of the deposition transcript of William Durling);

- Exhibit 19 to the Declaration of Gerald L. Maatman, Jr. (excerpts of the deposition transcript of Tom Wolff);

- Exhibit 20 to the Declaration of Gerald L. Maatman, Jr. (excerpts of the deposition transcript of James F. Morton, Jr.);

- Exhibit 21 to the Declaration of Gerald L. Maatman, Jr. (excerpts of the deposition transcript of Shelly Theiss);

- Exhibit 33 to the Declaration of Gerald L. Maatman, Jr. (spreadsheet containing hourly wage data);

- Exhibit 34 to the Declaration of Gerald L. Maatman, Jr. (spreadsheet containing reimbursement data);

- Declaration of Ed Heelan, SVP, North American Operations;

- Declaration of Billy Higdon, VP, Global Planning and Restaurant Analysis;

- Declaration of Joe H. Smith, SVP, Global Development;

- Declaration of Simon Smith, VP, North America Franchise Operations, and Exhibit A thereto;

- Declaration of Bobbi Stewart, Director, Restaurant Solutions.

These materials have been designated as "Confidential Information" because they contain "trade secrets," or "commercially sensitive business information" of Defendant or third parties, or sensitive personal information of Plaintiffs.

39482047v.1

## **APPLICABLE STANDARDS**

It is generally presumed that the public has a right to access judicial documents. *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995). This "presumption of access" is "based on the need for federal courts . . . to have a measure of accountability and for the public to have confidence in the administration of justice." *Id.* The "weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Lugosch v. Pyramid Co.*, 435 F.3d 110, 119 (2d Cir. 2006).

Even if the weight given to the presumption of access is high, however, the presumption is not absolute. It can be overcome if a court determines that countervailing factors warrant confidential treatment. The presumption of public access to judicial documents is subject to well-recognized exceptions designed to protect precisely the type of interests at issue in this Motion.

The Second Circuit in *Lugosch* set forth the steps that a district court must take when determining whether records or testimony should be protected from public disclosure. 435 F.3d at 119. Such factors can include, *inter alia*, the privacy interests of the parties resisting disclosure. *Id.* In determining the weight to be accorded privacy concerns, "courts should first consider the degree to which the subject matter is traditionally considered private rather than public." *Amodeo*, 71 F.3d at 1051. Likewise, "[t]he nature and degree of injury [from having such information made public] must also be weighed." *Id.* The presumption of public access, which arises out of the First Amendment, may be overcome "to preserve higher values" provided "the sealing order is narrowly tailored to achieve that aim." *Lugosch*, 435 F.3d at 124.

39482047v.1

Federal Rule of Civil Procedure 26(c) authorizes district courts, upon a showing of good cause, to "require that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs." Fed. R. Civ. P. 26(c)(1)(H).

## ARGUMENT

Defendant seeks leave (i) to file its Memorandum of Law in Support of its Opposition to Plaintiff's Motion for Conditional Certification with references to Confidential Information redacted; and (ii) submit certain declarations and exhibits that contain Confidential Information under seal.

*First*, the privacy interests of PJI outweigh any presumptions of access to the subject documents and information. PJI is seeking to protect materials that reflect proprietary information and processes that it has developed to operate its business, including information related its practices for reimbursing employees for vehicle expenses. The well-recognized exceptions to the presumption of public access justify the sealing and/or redacting of documents that contain or reflect PJI's Confidential Information. Sealing and/or redacting documents containing this information is a narrowly-tailored means of protecting harm to PJI due to disclosure of the information. *See, e.g., GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649-50 (S.D.N.Y. 2011) (granting motion to seal "highly proprietary material concerning ... marketing strategies, product development, costs and budgeting."); *Sherwin-Williams Co. v. Spitzer*, No. 04-185, 2005 WL 2128938 (N.D.N.Y. Aug. 24, 2005) (ordering the sealing of documents ... regarding confidential information such as trade secrets, and commercial and proprietary interests); *Gelb v. Am. Tel. & Tel. Co.*, 813 F. Supp. 1022, 1035 (S.D.N.Y. 1993) (granting motion to seal documents based upon the "assertion that its competitors who do not now have this information could use it to do [the party] competitive injury . . . .").

39482047v.1

In reviewing privacy interests, courts should also examine the degree and nature of potential injuries. *Id.* In this case, disclosure of the information at issue would create a genuine risk of injury to PJI. Public disclosure of the information sought to be sealed would expose valuable and proprietary business information and would potentially harm PJI's competitive position and economic interests. No less restrictive alternative is available to prevent this potentially serious injury. Moreover, this Motion to Seal has been narrowly tailored to only seek sealing or redaction as to matters involving proprietary information.

Defendant has also designated as Confidential the declarations of third party franchisees who have provided information regarding their own vehicle reimbursement practices. The same analysis applies to these documents, which set forth the particular business practices of those entities. There is little or no public interest in vehicle expense reimbursement policies or practices, or similar Confidential Information. These materials can be of no significant interest to parties outside the industry. In fact, the only entities that might have an interest in obtaining access to such proprietary information are competitors and/or adversaries who might seek to utilize the information to their advantage. Any such interests are not sufficient to warrant access. *Amodeo*, 71 F.3d at 1051. ("Commercial competitors seeking an advantage over rivals need not be indulged in the name of monitoring the courts. . . .").

*Second*, Defendant seeks to file all cited portions of the named Plaintiffs' deposition testimony under seal. This is in line with Plaintiffs' own designation of confidentiality, as Plaintiffs' counsel Jeremiah Frei-Pearson's designated all depositions of Plaintiffs to be Confidential Information. Deposition transcripts are not, by themselves, judicial documents to which the public has a qualified right to access. *Securities & Exchange v. TheStreet.Com*, 273 F.3d 222, 233 (2d Cir. 2001); s*ee also Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33, 104 S. Ct.

6

2199, 81 L. Ed. 2d 17 (1984) ("pretrial depositions and interrogatories are not public components of a civil trial"). Furthermore, the deposition transcripts contain discussions of sensitive information that fall under the confidentiality umbrella.

## CONCLUSION

For all of the forgoing reasons, PJI respectfully requests that its Motion for Leave to File Under Seal be granted, the redacted versions of (i) Defendant's Memorandum of Law in Opposition to Plaintiff's Motion for Conditional Certification, (ii) the Declarations of Billy Higdon, Edmond Heelan, Joe Smith, Simon Smith (including Exhibit A thereto) and Bobbi Stewart, and (iii) Exhibits 1-2, 6-12, 16-21, and 33-34 of the Declaration of Gerald L. Maatman, Jr. filed via ECF on June 20, 2017 be accepted as the public version and that the Court grant Defendant leave to file unredacted versions of these documents under seal.

Dated: June 20, 2017

Respectfully submitted,

SEYFARTH SHAW LLP
*Attorneys for Defendant*
*Papa John's International, Inc.*

By:   */s/Gerald L. Maatman, Jr.*
    Gerald L. Maatman, Jr.
    Gina R. Merrill
    Brendan Sweeney
    Matthew Gagnon
    620 Eighth Avenue
    New York, NY 10018-1405
    Telephone: (212) 218-5500
    Facsimile: (212) 218-5526

## CERTIFICATE OF SERVICE

I hereby certify that on June 20, 2017 I electronically filed the foregoing **DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO FILE UNDER SEAL** with the Clerk of the Court using CM/ECF, which will send electronic notification of such filing to the following counsel of record:

Jeremiah Frei-Pearson
D. Greg Blankinship
FINKELSTEIN, BLANKINSHIP,
FREI-PEARSON & GARBER, LLP
445 Hamilton Avenue, Suite 605
White Plains, NY  10601
jfrei-pearson@FBFGLaw.com

David J. Cohen
STEPHAN ZOURAS, LLP
604 Spruce Street
Philadelphia, PA  19106
dcohen@stephanzouras.com

James B. Zouras
Ryan F. Stephan
STEPHAN ZOURAS, LLP
205 N. Michigan Avenue, Suite 2560
Chicago, IL  60601
jzouras@stephanzouras.com
rstephan@stephanzouras.com

        */s/ Gerald L. Maatman, Jr.*
        Gerald L. Maatman Jr.