UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------- X

WILLIAM DURLING, CHRIS BELLASPICA, :
TOM WOLFF, MICHAEL MORRIS, and :
RICHARD SOBOL, for themselves and all others :
similarly situated, :     Case No. 7:16-CV-03592-CS-JCM
 :
Plaintiff, :     Class/Collective Action
 :
 - against - :
 :
PAPA JOHN'S INTERNATIONAL, INC., :
 :
Defendant. :
 :
---------------------------------------------------------------- X

### MEMORANDUM OF LAW IN SUPPORT OF
### DEFENDANT'S MOTION FOR LEAVE TO FILE UNDER SEAL

Pursuant to paragraph 17 of the Stipulated Protective Order (ECF No. 40) ("Protective Order"), Fed. R. Civ. P. 26(c) and Section 6 of this Court's ECF Rules, Defendant Papa John's International Inc. ("Defendant" or "PJI") moves for leave to file under seal unredacted versions of (i) Defendant's Memorandum of Law in Opposition to Plaintiffs' Motion to Compel Production of Documents (with references to privileged information redacted), and (ii) the Declaration of Billy Higdon (including attachment 1 thereto) (with references to privileged information redacted), and for such other and further relief as the Court may deem just and proper. In support of this Motion, Defendant respectfully states as follows:

### STIPULATED PROTECTIVE ORDER

Pursuant to the Protective Order entered by this Court, Confidential Information is defined as: "trade secrets, commercially sensitive business information, and sensitive personal or financial information, that is produced by the Parties for the purpose of the Parties' litigation of

this action." Protective Order ¶ 17. The Protective Order also outlines the procedure for identifying such documents: Such documents or parts thereof will be designated after review by an attorney for the producing party by stamping the word Confidential on each page, or by notifying the Parties that such documents or parts thereof are designated as Confidential Information. Protective Order ¶ 17. Finally, the Protective Order instructs:

> Notwithstanding any other provision, no document will be filed with the Clerk under seal without a further Order of the Court addressing the specific documents to be sealed. Any application to seal shall be accompanied by an affidavit or affidavits and a memorandum of law demonstrating that the standards for sealing have been met and specifically addressing *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006) and any other controlling authority. Nothing herein is intended to alter or modify the applicability of Federal Rule of Civil Procedure 5.2 to this case. The redactions expressly authorized by Rule 5.2 may be made without further application to the Court.

Protective Order ¶ 17.

Defendant requests leave to file the following materials under seal because they are, or refer to, documents or information that either Plaintiffs or Defendant have designated "Confidential Information" pursuant to the Stipulated Protective Order:

- Defendant's Memorandum of Law in Opposition to Plaintiff's Motion to Compel Production of Documents;

- Declaration of Billy Higdon, VP, Global Planning and Restaurant Analysis (and attachment 1 thereto);

These materials have been designated as "Confidential Information" because they contain "trade secrets," or "commercially sensitive business information" of Defendant or third parties, or sensitive personal information of Plaintiffs. In addition, these materials contain references to privileged information , the dispute over which, is the subject of Plaintiffs' Motion to Compel. The privileged information within these documents is redacted in both the sealed and unsealed filings of these documents. Un-redacted version of these documents are being submitted to the Court *in camera.*

2

## **APPLICABLE STANDARDS**

It is generally presumed that the public has a right to access judicial documents. *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995). This "presumption of access" is "based on the need for federal courts . . . to have a measure of accountability and for the public to have confidence in the administration of justice." *Id.* The "weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Lugosch v. Pyramid Co.*, 435 F.3d 110, 119 (2d Cir. 2006).

Even if the weight given to the presumption of access is high, however, the presumption is not absolute. It can be overcome if a court determines that countervailing factors warrant confidential treatment. The presumption of public access to judicial documents is subject to well-recognized exceptions designed to protect precisely the type of interests at issue in this Motion.

The Second Circuit in *Lugosch* set forth the steps that a district court must take when determining whether records or testimony should be protected from public disclosure. 435 F.3d at 119. Such factors can include, *inter alia*, the privacy interests of the parties resisting disclosure. *Id.* In determining the weight to be accorded privacy concerns, "courts should first consider the degree to which the subject matter is traditionally considered private rather than public." *Amodeo*, 71 F.3d at 1051. Likewise, "[t]he nature and degree of injury [from having such information made public] must also be weighed." *Id.* The presumption of public access, which arises out of the First Amendment, may be overcome "to preserve higher values" provided "the sealing order is narrowly tailored to achieve that aim." *Lugosch*, 435 F.3d at 124. The Second Circuit likewise recognized that the attorney-client privilege is a sufficiently compelling

reason to seal. *See Travelers Indem. Co. v. Excalibur Reinsurance Corp.*, No. 3:11-CV-1209 CSH, 2013 WL 4012772, at *8 (D. Conn. Aug. 5, 2013) (*citing Lugosch*, 435 F. 3d at 125.)

Federal Rule of Civil Procedure 26(c) authorizes district courts, upon a showing of good cause, to "require that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs." Fed. R. Civ. P. 26(c)(1)(H).

## ARGUMENT

Defendant seeks leave to (i) file its Memorandum of Law in Support of its Opposition to Plaintiff's Motion to Compel Production of Documents with references to Confidential and privileged Information redacted, (ii) file the declaration of Billy Higdon (and attachment 1 thereto) with references to Confidential and privileged Information redacted, (iii) file under seal its Memorandum of Law in Support of its Opposition to Plaintiff's Motion to Compel Production of Documents with references to privileged Information redacted,  and (iv) file under seal the declaration of Billy Higdon (and attachment 1 thereto), with references to privileged information redacted.

The privacy interests of PJI outweigh any presumptions of access to the subject documents and information.  PJI is seeking to protect materials that reflect proprietary information and processes that it has developed to operate its business, including information related its practices for reimbursing employees for vehicle expenses.  The well-recognized exceptions to the presumption of public access justify the sealing and/or redacting of documents that contain or reflect PJI's Confidential Information.  Sealing and/or redacting documents containing this information is a narrowly-tailored means of protecting harm to PJI due to disclosure of the information. *See, e.g., GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769

F. Supp. 2d 630, 649-50 (S.D.N.Y. 2011) (granting motion to seal "highly proprietary material concerning ... marketing strategies, product development, costs and budgeting."); *Sherwin-Williams Co. v. Spitzer*, No. 04-185, 2005 WL 2128938 (N.D.N.Y. Aug. 24, 2005) (ordering the sealing of documents ... regarding confidential information such as trade secrets, and commercial and proprietary interests); *Gelb v. Am. Tel. & Tel. Co.*, 813 F. Supp. 1022, 1035 (S.D.N.Y. 1993) (granting motion to seal documents based upon the "assertion that its competitors who do not now have this information could use it to do [the party] competitive injury . . . .").

In reviewing privacy interests, courts should also examine the degree and nature of potential injuries. *Id.* In this case, disclosure of the information at issue would create a genuine risk of injury to PJI. Public disclosure of the information sought to be sealed would expose valuable and proprietary business information and would potentially harm PJI's competitive position and economic interests. No less restrictive alternative is available to prevent this potentially serious injury. Moreover, this Motion to Seal has been narrowly tailored to only seek se

## CONCLUSION

For all of the forgoing reasons, PJI respectfully requests that its Motion for Leave to File Under Seal be granted, and that the Court permit Defendant to (i) file its Memorandum of Law in Support of its Opposition to Plaintiffs' Motion to Compel Production of Documents with references to Confidential and privileged Information redacted, (ii) file the declaration of Billy Higdon (and attachment 1 thereto) with references to Confidential and privileged Information redacted, (iii) file under seal its Memorandum of Law in Support of its Opposition to Plaintiffs' Motion to Compel Production of Documents with references to privileged Information redacted,

5

41807003v.1

and (iv) file under seal the declaration of Billy Higdon (and attachment 1 thereto), with references to privileged information redacted.

Dated: October 18, 2017       Respectfully submitted,

              SEYFARTH SHAW LLP
              *Attorneys for Defendant*
              *Papa John's International, Inc.*

           By: */s/Gerald L. Maatman, Jr.*
              Gerald L. Maatman, Jr.
              Gina R. Merrill
              Brendan Sweeney
              Matthew Gagnon
              620 Eighth Avenue
              New York, NY 10018-1405
              Telephone:  (212) 218-5500
              Facsimile:  (212) 218-5526

## CERTIFICATE OF SERVICE

I hereby certify that on October 18, 2017 I electronically filed the foregoing

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO FILE UNDER SEAL** with the Clerk of the Court using CM/ECF, which will send electronic notification of such filing to the following counsel of record:

Jeremiah Frei-Pearson
D. Greg Blankinship
FINKELSTEIN, BLANKINSHIP,
FREI-PEARSON & GARBER, LLP
445 Hamilton Avenue, Suite 605
White Plains, NY  10601
jfrei-pearson@FBFGLaw.com

David J. Cohen
STEPHAN ZOURAS, LLP
604 Spruce Street
Philadelphia, PA  19106
dcohen@stephanzouras.com

James B. Zouras
Ryan F. Stephan
STEPHAN ZOURAS, LLP
205 N. Michigan Avenue, Suite 2560
Chicago, IL  60601
jzouras@stephanzouras.com
rstephan@stephanzouras.com

    */s/ Gerald L. Maatman, Jr.*
    Gerald L. Maatman Jr.

41807003v.1