# SEYFARTH SHAW

Seyfarth Shaw LLP
620 Eighth Avenue
New York, New York 10018
(212) 218-5500
fax (212) 218-5526
www.seyfarth.com

Writer's direct phone
(312) 460-5965

Writer's e-mail
gmaatman@seyfarth.com

December 5, 2017

*Via ECF and Email*

Hon. Judith C. McCarthy, U.S. Magistrate Judge.
U.S. District Court for the Southern District of New York
300 Quarropas St.
White Plains, NY 10601-4150

Re:  *Durling v. Papa John's International, Inc.*,
     Civil Action No.: 7:16-CV-03592 (S.D.N.Y.)

Dear Judge McCarthy:

This firm represents Defendant Papa John's International, Inc. ("PJI"). We write in response to Plaintiffs' Letter Motion for Extension of Time to Complete Discovery. (ECF No. 281.)[1] The original deadline for fact discovery in this case was July 31, 2017 (ECF No. 46), which was extended to January 2, 2018. (October 4, 2017 Minute Order). Plaintiffs now request an indefinite extension that could result in discovery remaining open for years. Plaintiffs offer no compelling reason for the schedule they propose.[2]

Plaintiffs argue that an extension is warranted because: (1) they intend to file an amended, consolidated complaint that includes the recently transferred *Achoual v. Colonel's Limited, LLC,*

---

[1] Plaintiffs' letter violates the Court's October 5, 2016 Order (ECF No. 63) which limits discovery letters to two double-spaced pages.

[2] Plaintiffs did not satisfy their obligation to meet and confer prior to filing their letter motion. Plaintiffs proposed their schedule on November 29 and counsel for PJI stated they would discuss the proposal with their client. Plaintiffs filed their letter motion on November 30, 2017. On November 27, 2017, counsel for PJI had pointed out that Plaintiffs had not made the expert disclosures that were due on November 1, 2017. It appears that Plaintiffs rushed to file their request for an extension after they realized this deadline had not been extended.

42824873v.2



Hon. Judith C. McCarthy, U.S. Magistrate Judge
December 5, 2017
Page 2

No. 17-8420 (S.D.N.Y.) ("*Achoual*") case; (2) document production has been delayed; and (3) the parties agreed to defer the production of data until after a ruling on conditional certification.

The Court should not extend discovery to accommodate Plaintiffs' planned "consolidated amended complaint" because no such complaint has been filed. The allegations in the *Achoual* complaint are very similar to the allegations in the *Durling* case. Based on this, PJI does not anticipate that any party should need to take significant additional discovery. But neither PJI, nor the Court, can make such a determination without seeing the complaint.[3]

Delays in producing documents are also not a reason for a lengthy extension. PJI produced most of the documents and ESI responsive to Plaintiffs' discovery requests in July 2017. Plaintiffs identified three additional custodians in September 2017. PJI is producing documents from these supplemental custodians this week and is prepared to move forward with depositions that Plaintiffs previously postponed.[4]

PJI agrees that an extension of time for expert discovery is warranted. The parties have agreed that PJI will produce data within 60 days of a decision on conditional certification. Plaintiffs should be required to serve their expert disclosures 105 days after a ruling on conditional certification. Other expert discovery deadlines would follow from this deadline.

We thank Your Honor for your continued attention to this matter.

---

[3] Plaintiffs inaccurately state that they were authorized to file an "unopposed" motion. PJI has stated that they do not oppose consolidation of *Durling* and *Achoual*. That does not mean that PJI agrees that the "consolidated amended complaint" that Plaintiffs apparently intend to file is appropriate. PJI has not yet seen that Complaint or any motion.

[4] Plaintiffs' letter includes a misrepresentation that requires correction. In footnote 3, Plaintiffs claim that PJI has taken 14 months to review and produce documents from the *Perrin* litigation. This assertion is disingenuous. PJI produced *Perrin* documents on March 15, 2017 and again on April 13, 2017. On November 8, 2017, Plaintiffs' Counsel notified Counsel for PJI that some deposition exhibits were missing from PJI's *Perrin* production. PJI's Counsel immediately contacted the law firm that represented PJI in *Perrin*, obtained all the depositions exhibits, and produced them six days later on November 14, 2017. Many, if not all, of the deposition exhibits that were produced on November 14, 2017 were previously produced – but not as deposition exhibits – as part of PJI's production of the documents produced in *Perrin*. PJI's production of these *Perrin* deposition exhibits is not a reason to extend the discovery schedule.



Respectfully submitted,

SEYFARTH SHAW LLP

*/s/ Gerald L. Maatman, Jr.*

Gerald L. Maatman, Jr.

cc: Counsel of Record

42824873v.2