![Seyfarth Shaw logo]

Seyfarth Shaw LLP

620 Eighth Avenue

New York, New York  10018

(212) 218-5500

fax (212) 218-5526

www.seyfarth.com

Writer's direct phone
(312) 460-5965

Writer's e-mail
gmaatman@seyfarth.com

December 22, 2017

*Via ECF*

Hon. Cathy Seibel, U.S.D.J.
U.S. District Court for the Southern District of New York
The Hon. Charles L. Brieant Jt.
Federal Building & U.S. Courthouse
Building & U.S. Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

      Re:    *Durling v. Papa John's International, Inc.*,
              Civil Action No.: 7:16-CV-03592 (S.D.N.Y.)

Dear Judge Seibel:

      This firm represents Defendant Papa John's International, Inc. ("PJI") in the above-referenced matter. We write in response to the Court's order of December 21, 2017.

      In support of its Opposition to Plaintiffs' Renewed Motion for Conditional Certification, PJI submitted a significant amount of evidence that shows that it does not set, or influence, its franchisees' delivery driver reimbursement policies or rates.  (*Durling* ECF Nos. 208-209). Neither PJI, nor any entity affiliated with PJI has an ownership interest in the independent franchisees that operate more than 3,200 Papa John's locations in the United States. Further, PJI does not control or influence the policies that these independent franchisees use to pay and reimburse their employees. The only evidence that Plaintiffs' counsel has cited to dispute this fact is the December 16, 2015 email between a PJI employee and the owner of Colonel's Limited, LLC ("Colonel's Limited") that is the subject of Plaintiffs' Notice of Supplemental Information.  (*Durling* ECF No. 233). Plaintiffs' counsel argues that "it seems impossible to square this email with many of PJI's factual assertions." (*Id*. at 3).

      While they may not have been aware when they submitted their Notice of Supplemental Information, Plaintiffs' counsel is now well aware that Colonel's Limited is not a typical PJI franchisee.  An affiliate of PJI, Papa John's USA, Inc., owns 70% of Colonel's Limited.  Several of the lawyers who currently represent Plaintiffs brought a case against Colonel's Limited that has since been transferred to this Court and designated as a related case: *Achoual v. Colonel's Limited*, No. 7:17 Civ. 0820-CS.  On July 25, 2017, Colonel's Limited disclosed that Papa John's USA, Inc.,



Hon. Cathy Seibel, U.S.D.J.<br>
December 22, 2017<br>
Page 2

owns 70% of Colonel's Limited.  (*Achoual* ECF No. 16, Defendant's Financial Interest Disclosure Statement).  While Plaintiffs' counsel is litigating numerous cases against independent franchisees that have not been transferred to this Court, they consented to the transfer of the *Achoual* case after they learned of Papa John's ownership interest in Colonel's Limited.  (*Achoual* ECF No. 43, Plaintiffs' Joinder in Motion to Transfer Case).

PJI admits that it is involved in setting reimbursement rates for Colonel's Limited because its affiliate owns 70% of Colonel's Limited.  It is a different business model that independently owned and operated franchisees, which are the subject of Plaintiffs' renewed motion for conditional certification. As such, this has no bearing on the veracity of the evidence that PJI submitted to prove that it is not involved in setting reimbursement rates for independently owned and operated franchisees.

Counsel for PJI appreciates the Court's courtesy in allowing our law firm to propose a date for submission of a response that does not interfere with holiday plans.  PJI proposes that the Court allow PJI until January 5, 2017 to submit a response. Thank you.

Respectfully submitted,

SEYFARTH SHAW LLP

*/s/ Gerald L. Maatman, Jr.*

Gerald L. Maatman, Jr.

cc: Counsel of Record