# SEYFARTH SHAW

Seyfarth Shaw LLP
620 Eighth Avenue
New York, New York  10018
(212) 218-5500
fax (212) 218-5526
www.seyfarth.com

Writer's direct phone
(312) 460-5965

Writer's e-mail
gmaatman@seyfarth.com

February 1, 2018

*Via ECF*

Hon. Judith C. McCarthy, U.S. Magistrate Judge.
U.S. District Court for the Southern District of New York
300 Quarropas St.
White Plains, NY 10601-4150

    Re:    *Durling v. Papa John's International, Inc.*,
              Civil Action No.: 7:16-CV-03592 (S.D.N.Y.)

Dear Judge McCarthy:

    This firm represents Defendant Papa John's International, Inc. ("PJI"). We write in response to Plaintiffs' January 31, 2018 letter. (ECF No. 310)[1] The current deadline for fact discovery in this case is February 15, 2018 (ECF No. 286). As stated in Plaintiffs' letter, PJI agrees that a modest extension of this deadline is necessary and PJI proposed an extension to March 31, 2018. To that end, Plaintiffs' letter is inaccurate on several issues. PJI has not refused "to commit to produce many outstanding documents by a date certain." PJI's HR department maintains a database called the "Critical Incident Tracking" ("CIT") database that is used to track corporate employee complaints, not employees of franchisees. This database uses Lotus Notes and is not easily searchable. PJI searched for incidents related to delivery drivers and mileage and produced the documents that it located. Plaintiffs assert, with no basis, that other relevant documents exist in this

---

[1] Plaintiffs' letter violates the Court's October 5, 2016 Order (ECF No. 63) which limits discovery letters to two double-spaced pages.

42824873v.5

WASHINGTON, D.C.   SYDNEY   SHANGHAI   SAN FRANCISCO   SACRAMENTO   NEW YORK   MELBOURNE   LOS ANGELES   LONDON   HOUSTON   CHICAGO   BOSTON   ATLANTA

SEYFARTH SHAW

Hon. Judith C. McCarthy, U.S. Magistrate Judge
February 1, 2018
Page 2

database. That is not so, as it is unlikely the CIT database contains additional responsive documents, still PJI agreed to explore the feasibility and cost of migrating the data to a searchable platform.

Plaintiffs also assert that a lengthy extension of the discovery deadline is needed because they anticipate "additional disputes" regarding privilege. As it has done throughout this litigation, PJI will comply with its discovery obligations promptly and in good faith. Plaintiffs' lengthy footnote 2 misrepresents PJI's position. PJI does not claim that communications with independent franchisees are privileged. If a franchisee were part of an email string that includes privileged portions, the franchisee's name was included on PJI's privilege log. PJI will produce redacted versions of such email strings in accordance with the Court's January 24, 2018 Order (ECF No. 305). Plaintiffs also allude to a dispute about their Request for Admissions. Plaintiffs' Fifth Request for Admissions requested that PJI admit that each of the 377,873 documents produced in this case are authentic. PJI objected to that set of Requests and Plaintiffs then served their Sixth Set of Request for Admissions, requesting that PJI admit that 2,400 documents are authentic. Courts regularly reject such overbroad and unduly burdensome Request for Admissions. *ABKCO Music, Inc. v. Sagan*, 2017 WL 3236443, at *1 (S.D.N.Y. July 31, 2017); *Stillwagon v. Innsbrook Golf & Marina*, LLC, No. 2:13-CV-18-D, 2015 WL 500320, at *2 (E.D.N.C. Feb. 4, 2015) (finding requests to admit overly burdensome that asked to authenticate thousands of documents).

We thank Your Honor for your continued attention to this matter.

Respectfully submitted,

SEYFARTH SHAW LLP

*/s/ Gerald L. Maatman, Jr.*

Gerald L. Maatman, Jr.

cc: Counsel of Record

42824873v.5