# SEYFARTH SHAW

Seyfarth Shaw LLP
620 Eighth Avenue
New York, New York 10018
(212) 218-5500
fax (212) 218-5526
www.seyfarth.com

Writer's direct phone
(312) 460-5965

Writer's e-mail
gmaatman@seyfarth.com

March 20, 2018

*Via ECF and Email*

Hon. Cathy Seibel, U.S.D.J.
U.S. District Court for the Southern District of New York
The Hon. Charles L. Brieant Jt.
Federal Building & U.S. Courthouse
Building & U.S. Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

      Re:    *Durling v. Papa John's International, Inc.*,
                **Civil Action No.: 7:16 Civ. 03592 (S.D.N.Y.)**

Dear Judge Seibel:

      This firm represents Defendant Papa John's International, Inc. ("PJI") in the above-referenced matter. We write to respectfully request that the Court: (i) approve the parties' agreed upon briefing schedule for Defendant's Renewed Motion To Transfer Venue to The U.S. District Court For The Western District of Kentucky ("Motion to Transfer"); and (ii) temporarily stay this case pending a decision on Defendant's Motion to Transfer.

      On July 20, 2016, Defendant filed a Motion to Transfer, and a supporting memorandum of law (ECF No. 43), requesting that the Court transfer this case to the U.S. District Court For The Western District of Kentucky pursuant to 28 U.S.C. § 1404(a). Plaintiffs opposed Defendant's Motion to Transfer, and briefing on the Motion was completed on August 19, 2016. (*See* ECF Nos. 50, 53). Plaintiffs' Opposition to the Motion to Transfer focused on their theory that PJI could be liable for alleged FLSA violations by franchisees that purportedly impacted Named Plaintiffs Durling, Bellaspica, Wolff, and Morris. (ECF No. 50 at 1-2). Applying the lenient Section 216(b) standard, the Court has now twice rejected Plaintiffs' motions to conditionally certify a collective action based on the theory that PJI is responsible for the employment policies imposed by its franchisees. (March 29, 2017 Hrg. Tr. 31:12-14; Minute Entry, March 1, 2018). In both rulings, the Court recognized that if Plaintiffs' theory for holding PJI liable for the actions of its franchisees is not viable, transfer to the Western District of Kentucky may be appropriate. (March 29, 2017 Hrg. Tr. 19:14-22; 31:3-5, 17-19) ("If I'm going to have just a corporate class, I may well transfer the case to Kentucky.")



Plaintiffs' Renewed Motion for Conditional Certification - filed on March 13, 2018 - changes their case theory and seeks certification of a collective action that would include only individuals who were employed at stores owned by "PJI Corporate" or at joint ventures in which PJI controls the delivery driver reimbursement policy. (ECF No. 316; ECF No. 321 at 9, 11). Richard Sobol is the only Named Plaintiff discussed in the Motion for Conditional Certification. (ECF No. 321). Mr. Sobol was employed at a corporate-owned store in Louisville, Kentucky. (ECF No. 321 at 2-3). Plaintiffs' Renewed Motion does not claim that PJI is liable for claims arising from stores owned by franchisees and does not address the claims of Plaintiffs Durling, Bellaspica, Wolff, and Morris. (*See* ECF No. 321).

During the March 1, 2018 conference, the Court indicated that a pre-Motion letter was not necessary to renew Defendant's Motion to Transfer. After conferring with counsel for Plaintiffs, the parties jointly propose the following schedule for briefing Defendant's Renewed Motion to Transfer:

> March 21: Filing of Defendant's Renewed Motion to Transfer
>
> April 11: Plaintiffs' Opposition
>
> April 18: Defendant's Reply

Further, in the interest of judicial economy, the Court should temporarily stay this case pending a decision on Defendant's Renewed Motion to Transfer. While Plaintiffs' changing case theory places this case in an unusual procedural posture, courts routinely address venue questions before deciding issues like conditional certification or allowing significant discovery. *See McDonnell Douglas Corp. v. Polin*, 429 F.2d 30, 30-31 (3d. Cir. 1970) ("[I]t is not proper to postpone consideration of . . . transfer under [28 U.S.C.] § 1404(a) until discovery on the merits is completed, since it is irrelevant to the determination of the preliminary question of transfer."); *In Re Fusion-IO, Inc.*, 489 F. App'x 465, 466 (Fed. Cir. 2012), *subsequent mandamus proceeding sub nom. In Re Fusion-IO, Inc.*, 500 F. App'x 955 (Fed. Cir. 2013) ("We fully expect . . . a motion to stay proceedings pending disposition of the transfer motion, and for the district court to act on those motions before proceeding to any motion on the merits of the action."); *Esperson v. Trugreen Ltd. P'ship*, No. 10-CV-2130, 2010 WL 4362794, at *1 n.1 (W.D. Tenn. Oct. 5, 2010), (explaining that it would "not issue a ruling on Plaintiff's motion for conditional certification with Defendants' motion for transfer still pending because such action could lead to inconsistent rulings if the case is ultimately transferred.").

PJI respectfully requests that the Court enter an Order staying this case until the Motion to Transfer is decided. Alternatively, PJI requests leave to file a Motion to Stay and that the Court extend PJI's time to respond to pending discovery as well as the third Motion for Conditional Certification until after the Court rules on the Motion to Stay.

We thank the Court for its consideration of these requests.



Hon. Cathy Seibel, U.S.D.J.
March 20, 2018
Page 3

        Respectfully submitted,

        SEYFARTH SHAW LLP

        */s/ Gerald L. Maatman, Jr.*

        Gerald L. Maatman, Jr.

cc: Counsel of Record

44805644v.3