**FBFG** | Finkelstein, Blankinship, Frei-Pearson & Garber, LLP

Andrew G. Finkelstein, P.C. (NY & NJ) *
D. Greg Blankinship (NY & MA)
Jeremiah Frei-Pearson (NY)
Todd S. Garber (NY & CT)

Difie Osborne (NY & NJ)
Antonino B. Roman (NY)
Andrew C. White (NY)
John Sardesai-Grant (NY)
Chantal Khalil (NY)
**Of Counsel**
Duncan W. Clark (NY)
George M. Levy (NY)
Robert J. Camera (NY & NJ)
Joseph P. Rones (NY)
Ronald Rosenkranz (NY) *

George A. Kohl, II (NY & MA)
Andrew L. Spitz (NY)
Elyssa M. Fried-DeRosa (NY)
James W. Shuttleworth, III (NY)
David E. Gross (NY & NJ) *
Mary Ellen Wright, R.N. (NY) *
Kenneth B. Fromson (NY, NJ & PA) *
Nancy Y. Morgan (NY, NJ & PA)
Lawrence D. Lissauer (NY)
Victoria Lieb Lightcap (NY & MA) *
Ann R. Johnson (NY & CT)
Marshall P. Richer (NY)
Edward M. Steves (NY)
Kara L. Campbell (NY & NJ)
Marie M. DuSault (NY)
Melody A. Gregory (NY & CT)

Elizabeth A. Wolff (NY & MA)
Robert E. Borrero (NY)
Christine Khalili-Borna Clemens (NY & CA)
Brian D. Acard (NY)
Vincent J. Pastore ( NY & NJ )
Amber L. Camio (NY)
Christopher R. Camastro (NY & NJ)
Cynthia M. Maurer (NY & NJ)
Michael Feldman (NY & NJ) *
Raye D. Futerfas (NJ)
Linda Armatti-Epstein (NY)
David Akerib (NY)
Frances M. Bova, R.N. (NY & NJ)
Gustavo W. Alzugaray (NY)
Sharon A. Scanlan (NY & CT)
Marc S. Becker (NY)

Antonio S. Grillo (NY & NJ)
Narine Galoyan (NY)
Jonathan Minkove (NJ & MD)
Vincent J. Rossillo (NY)
Pamela Thomas (NY & CT)
Donald A. Crouch (NY & CT)
Karen O'Brien (NY)
David Stauber (NY)
Jennifer Safier (NY & NJ)
Thomas P. Welch (NY)
Annie Ma (NY & NJ)
Howard S. Lipman (NY)
Noreen Tuller, R.N. (NY)
Cristina L. Dulay (NY & NJ)
Justin M. Cinnamon (NY & CT)
Robin N. D'Amore (NY)

Nicole Murphy (NY)
Rodrigo Arcuri (NY)
Marigold T. Bridgeman (NY)
Kevin D. Burgess (NY)
Sarah Vulcano (NY)
Krista Rose (NY & NJ)
Marvin Anderman, P.C. (NY)
Frank R. Massaro (NY)
Kenneth G. Bartlett (CT & NJ)

* The Neurolaw Trial Group

March 21, 2018

**VIA ECF**

Hon. Cathy Seibel
The Hon. Charles L. Brieant, Jr.
Federal Building and United States Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

      Re:    <u>*Durling et al. v. Papa John's International, Inc.*, No. 16-cv-03592-CS</u>

Dear Judge Seibel:

      We represent Plaintiffs in this case and submit this pre-motion letter regarding Plaintiffs' anticipated motion to amend their complaint and add additional claims and Parties. Counsel for Defendant Papa John's International, Inc. ("PJI") opposes Plaintiffs' request.[1]

      This Court previously granted Plaintiffs leave to file a motion to consolidate *Achoual v. Colonel's Limited, LLC*, No. 17-8420 (S.D.N.Y.) into this case. ECF No. 278. In light of discovery taken to date and developments in this litigation -- including Your Honor's recent guidance regarding claims at franchisee-owned stores -- Plaintiffs intend to file a consolidated complaint that includes Plaintiffs and Defendants not previously named. *See* Amended Complaint

---

[1] Shortly after Plaintiffs' Counsel requested Defendant's position on this issue, Defendant filed a letter requesting, in part, that the Court immediately stay this case or that Defendant be permitted to file a motion to stay (without a pre-motion conference). ECF No. 324. While Plaintiffs have agreed to the proposed briefing schedule on Defendant's renewed motion to transfer, they strongly oppose any request for a stay, especially in light of the high burden on the moving party. *See Landis v. North Amer. Co.*, 299 U.S. 248, 255 (1936) (vacating stay as an abuse of discretion); *Youngbloods v. BMG Music*, No. 07-2394, 2011 WL 43510, at *8 (S.D.N.Y. Jan. 6, 2011) (denying motion to stay where "defendant failed to establish a clear case of hardship or inequity in being required to go forward"). Plaintiffs request that, pursuant to Your Honor's individual rules of practice, the Court set a pre-motion conference on the issue of a stay and permit Plaintiffs to submit a response letter by one week prior to such conference. In the alternative, Plaintiffs request that the Court permit full briefing on Defendant's request for a stay.

{00291244 }

(attached as Exhibit A). Plaintiffs respectfully request that the Court set a pre-motion conference on this issue or grant Plaintiffs leave to move to add additional Parties as part of the previously-granted leave to file a motion to consolidate.

Leave to amend should be granted because Rule 15 of the Federal Rules of Civil Procedure embodies a liberal amendment policy under which courts have broad discretion to permit amendments. Federal Rule of Civil Procedure 15 permits a party to amend its pleading with "the court's leave," which should be "freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). Absent a good reason -- including futility, bad faith, undue delay, or undue prejudice -- such amendment should be permitted. *See, e.g., Kroshnyi v. U.S. Pack Courier Servs., Inc.*, 771 F.3d 93, 109 (2d Cir. 2014) (quoting *Foman*, 371 U.S. at 182); *Telesco v. Neuman*, No. 14-3480-VB, 2015 WL 5474230, at *2 (S.D.N.Y. Sept. 8, 2015) (granting motion to amend). Likewise, Plaintiffs should also be allowed to amend under Rule 21, which governs the addition of new parties. It provides that "the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. The same liberal standard favoring amendment under Rule 15 applies to the joinder of parties. *See Sorrell v. Inc. Vill. of Lynbrook*, No. 10-49, 2012 WL 1999642, at *3 (E.D.N.Y. June 4, 2012) ("'Although Rule 21, not Rule 15(a) normally governs the addition of new parties to an action, the same standard of liberality applies under either Rule.'") (quoting *Clarke v. Fonix Corp.*, No. 98-6116, 1999 WL 105031, at *5 (S.D.N.Y. Mar. 1, 1999), aff'd, 199 F.3d 1321 (2d Cir. 1999)).

Plaintiffs intend to amend their complaint to add four additional Named Plaintiffs and four associated state-law claims. Since Plaintiffs initiated this action, delivery drivers at corporate-owned restaurants in Colorado, Illinois, and Missouri have opted-in to the case. These individuals and their co-workers are entitled to the protection of their respective states' minimum wage laws, and Plaintiffs intend to add three additional Named Plaintiffs to serve as class representatives for claims brought under the laws of these states.[2] In consolidating this action with *Achoual*, Plaintiffs also intend to add *Achoual* plaintiff Muhammed Sultan as a Named Plaintiff.

Plaintiffs also intend to amend their complaint to add three additional Defendants: CSP Pizza Corp., PJ Hudson Valley East, LLC, and PJ Hudson Valley West, LLC. These entities appear to operate as an integrated Papa John's franchise collectively called "PJ Hudson Valley." PJ Hudson Valley, along with PJI, was the joint employer of Plaintiff William Durling at the Papa John's store in Poughkeepsie, New York, where he worked as a delivery driver. This Court noted during the March 1, 2018 bench ruling on Plaintiffs' renewed motion for conditional certification that "the way to go" forward might involve "instead seek[ing] a collective against [a specific] franchise." Mar. 1, 2018 Trans. at 24:9-21.[3] This Court's holding is consistent with other

---

[2] Specifically, Plaintiffs intend to bring claims under the Colorado Minimum Wages of Workers Act, Colo. Rev. Stat. § 8-6-101 *et seq.*, the Illinois Minimum Wage Law, 820 Ill. Comp. Stat. Ann. § 105/1 *et seq.*, the Illinois Wage Payment and Collection Act., 820 Ill. Comp. Stat. Ann. § 115/3 *et seq.*, and the Missouri Minimum Wage Law, Mo. Rev. Stat. § 290.500 *et seq.* on behalf of employees at PJI-owned restaurants in each respective state.

[3] The Court also held that "Plaintiffs, of course, remain at liberty to attempt to establish that PJI is accountable for any FLSA violations that are found to have occurred, based on a joint-employer or apparent-agency theory." Mar. 1, 2018 Trans. at 16:16-23 (*citing Martin v. Sprint / United Mgmt.*

holdings throughout the country.  *See, e.g.*, *Young v. Rolling in the Dough, Inc.*, No. 17-7825, 2018 WL 1240480, at *4 (N.D. Ill. Mar. 8, 2018) (conditionally certifying collectives against Dominos Pizza, Inc. and the franchisees who employed named plaintiff delivery drivers alleging claims that are substantively identical to Plaintiff Durling's claims).  As such, Plaintiffs seek to add the franchisees for Plaintiff Durling's claims, PJ Hudson Valley, as a Defendant.[4]

Under the Court's Civil Case Discovery Plan and Scheduling Order "a pre-motion conference must be requested in connection with a motion to amend or join additional parties." ECF No. 46, at ¶ 2.  Accordingly, Plaintiffs respectfully seek a pre-motion conference on this issue, or leave to include amending the complaint to add additional claims and Parties as part of their previously-approved request to submit a motion to consolidate *Achoual*.  ECF No. 278.  We thank Your Honor for your continued attention to this matter.

                Respectfully submitted,

                **FINKELSTEIN, BLANKINSHIP,**
                **FREI-PEARSON & GARBER, LLP**
                By: */s/Jeremiah Frei-Pearson*
                Jeremiah Frei-Pearson
                D. Greg Blankinship
                Antonino B. Roman
                Andrew C. White
                455 Hamilton Avenue, Suite 605
                White Plains, New York 10601
                Telephone: (914) 298-3281
                Facsimile: (914) 824-1561
                jfrei-pearson@fbfglaw.com
                gblankinship@fbfglaw.com

---

*Co.*, No. 15-5237, 2016 WL 30334 (S.D.N.Y. Jan. 4, 2016) at 11, n.24 and *Young v. Cooper Cameron Corp.*, 229 F.R.D. 50, 54 (S.D.N.Y. 2005)).  Plaintiffs thus intend to continue pursuing claims against PJI, as a jointly- and severally-liable joint-employer, at the PJ Hudson Valley stores.

[4] Plaintiff easily meet the lenient joinder standard, which applies to motions to add parties under Rule 20(a).  Rule 20(a)(2) provides that "[p]ersons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action."  Fed. R. Civ. P. 20(a)(2).  "Like Rule 15, the requirements of Rule 20(a) should be interpreted liberally in order to enable the court to promote judicial economy by permitting all reasonably related claims for relief by or against different parties to be tried in a single proceeding."  *Liegey v. Ellen Figg, Inc.*, No. 02-1492, 2003 WL 21361724, at *3 (S.D.N.Y. June 11, 2003) (internal quotation marks omitted).  Where, as here, the claims sought to be added "stem from the same allegedly unlawful practice originally challenged in th[e] action . . . [t]he interests of justice would best be served by litigating and resolving all the rights and liabilities existing between the parties in one lawsuit."  *Soler v. G&U, Inc.*, 86 F.R.D. 524, 527 (S.D.N.Y. 1980).

aroman@fbfglaw.com
awhite@fbfglaw.com

**STEPHAN ZOURAS, LLP**
David J. Cohen
604 Spruce Street
Philadelphia, Pennsylvania 19106
Telephone: (215) 873-4836
dcohen@stephanzouras.com
*Pro Hac Vice*

James B. Zouras
Ryan F. Stephan
Andrew Ficzko
Catherine T. Mitchell
205 N. Michigan Avenue, Suite 2560
Chicago, Illinois 60601
Telephone: (312) 233-1550
Facsimile: (312) 233-1560
jzouras@stephanzouras.com
rstephan@stephanzouras.com
aficzko@stephanzouras.com
cmitchell@stephanzouras.com
*Pro Hac Vice*

**WEINHAUS & POTASHNICK, LLP**
Mark Potashnick
11500 Olive Blvd., Suite 133
St. Louis, Missouri  63141
Telephone: (314) 997-9150
Facsimile: (314) 997-9170
markp@wp-attorneys.com
*Pro Hac Vice*

**PAUL, LLP**
Richard M. Paul III (*pro hac vice*)
601 Walnut Street, Suite 300
Kansas City, Missouri 64106
Telephone:     (816) 984-8100
Rick@PaulLLP.com
*Pro Hac Vice*

*Counsel for Plaintiffs and the Putative Classes*

cc:     Counsel of Record (via ECF)