```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
WILLIAM DURLING, CHRIS BELLASPICA,         :
TOM WOLFF, MICHAEL MORRIS, and             :
RICHARD SOBOL, for themselves and all others :
similarly situated,                        :    Case No. 7:16-CV-03592
                                           :
                         Plaintiff,        :    Class/Collective Action
                                           :
       - against -                         :
                                           :
PAPA JOHN'S INTERNATIONAL, INC.,           :
                                           :
                         Defendant.        :
                                           :
------------------------------------------------------------ X
```

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF
RENEWED MOTION TO TRANSFER VENUE TO THE UNITED STATES DISTRICT
COURT FOR THE WESTERN DISTRICT OF KENTUCKY**

Papa John's International, Inc. ("PJI") submits this memorandum of law in support of its Renewed Motion to Transfer Venue to the United States District Court for the Western District of Kentucky.

**INTRODUCTION**

Recognizing that PJI's franchisee locations account for roughly 76% of all Papa John's branded stores in the United States, Plaintiffs' strategy up to this point has been to seek conditional certification of a nationwide collective that includes delivery drivers employed at corporate-owned and franchisee stores. Plaintiffs' strategy was based on the theory that PJI is responsible for the employment practices of its franchisees.

However, as this Court predicted, Plaintiffs' franchisee theory did "not hold water." (March 29, 2017 Hrg. Tr. at 19:17-21.) Now, after two unsuccessful attempts at conditional certification, Plaintiffs have drastically departed from their original case theory. In a head-snapping pivot, Plaintiffs now seek to conditionally certify a collective action composed of

Block DocID

delivery drivers who worked at corporate-owned stores or PJI's joint ventures only. Hence, Plaintiffs' case theory is now the exact situation that this Court previously concluded may warrant transfer to Kentucky – "just a corporate class." [1] (*Id.* at 31:4.)

Plaintiffs' new case theory does not warrant keeping this case in New York, and the reasons that initially weighed against transferring this case to Kentucky are no longer valid. This Court has twice recognized as much, stating that "if I am going to have just a corporate class, I may well transfer the case to Kentucky" and "[i]f there were going to be a motion to certify a collective of just corporate employees, that's a case that might make sense to go to Kentucky . . . ." (March 29, 2017 Hrg. Tr. 31: 4-5; March 1, 2018 Hrg. Tr. 23: 16-18.) For these reasons, and the reasons previously stated in PJI's Motion to Transfer, ECF Nos. 42, 43, 44, the Court should now transfer this case to the U.S. District Court for the Western District of Kentucky pursuant to 28 U.S.C. § 1404(a).

## RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

**A.      PJI's Motion To Transfer And Plaintiffs' Motion For Conditional Certification**

On July 20, 2016, PJI filed a Motion to Transfer Venue to The United States District Court for the Western District of Kentucky, and a supporting memorandum and declaration ("Motion to Transfer") (ECF Nos. 42, 43, 44). PJI's Motion to Transfer requested that the Court transfer this case to the U.S. District Court For The Western District Of Kentucky pursuant to 28 U.S.C. § 1404(a). Several months later, on October 14, 2016, Plaintiffs filed their Motion for

---

[1] On March 20, 2018, after the parties agreed to a briefing schedule regarding a renewed motion to transfer, Plaintiffs circulated a proposed Consolidated Amended Complaint ("CAC"). The CAC represents an entirely new case theory, adding new plaintiffs, new franchisee defendants, new Rule 23 classes based on state-law claims, and a sub-collective action theory that again attempts to hold PJI liable for the reimbursement methodologies of its franchisees. PJI maintains that Plaintiffs should be denied leave to file their CAC, as there is no just cause and doing so is prejudicial to PJI. Hence, PJI's Renewed Motion to Transfer is directed to Plaintiffs' First Amended Complaint, the current and operative complaint in this case.

2

Block DocID

Conditional Certification and supporting papers ("Motion for Conditional Certification"). (ECF. Nos. 66, 67, 68.) Plaintiffs' Motion for Conditional Certification sought to conditionally certify a nationwide collective action of franchisee delivery drivers based on the theory that PJI was responsible for the employment policies imposed by its franchisees. (ECF No. 67, at 3.)

**B.      The March 29, 2017 Hearing**

On March 29, 2017, the Court ruled on PJI's Motion to Transfer and Plaintiffs' Motion for Conditional Certification. After "analyzing all of the relevant factors," the Court denied PJI's Motion to Transfer, finding that most of the relevant factors were either neutral or weighed against transfer. (March 29, 2017 Hrg. Tr. at 19: 9-13.) The Court also denied Plaintiffs' Motion for Conditional Certification, without prejudice for renewal. (*Id*. 31:12-14.)

Although the Court denied PJI's Motion to Transfer, the Court recognized that, if Plaintiffs' theory that PJI is responsible for the employment actions of its franchisees was unsuccessful, transfer might be appropriate. This Court explained:

> It may be right that Plaintiffs' theory does not hold water with respect to franchises and the defendant's liability, if any, would be limited to its corporate-owned stores, none of which are in New York. If that's where we end up, a renewed motion to transfer might well be appropriate . . . .

(March 29, 2017 Hrg. Tr. at 19:17-21.) Along the same lines, the Court similarly stated that "if I am going to have a just a corporate class, I may well transfer the case to Kentucky." (*Id*. 31: 4-5.)

**C.      Plaintiffs' Second Motion For Conditional Certification**

Within one month of the Court denying their Motion for Conditional Certification, Plaintiffs filed a Renewed Motion for Conditional Certification ("Second Motion for Conditional Certification"). (ECF No. 160.) Plaintiffs' Second Motion for Conditional Certification again sought to conditionally certify a nationwide collective action that would include delivery drivers

3

employed at corporate-owned and franchisee-owned stores. (*See* ECF Nos. 66, 160.) The parties then re-briefed that motion.

**D.    The March 1, 2018 Hearing**

On March 1, 2018, the Court denied Plaintiffs' Second Motion for Conditional Certification. (Mar. 1 Hrg. Tr. 2:15-16.) The Court found that "Plaintiffs have not provided credible evidence of a unitary PJI-dictated policy" (*Id*. 16:14-15) and that "there is no evidence that even suggests" the franchisee reimbursement rates "were set by PJI." (*Id*. 15:11-12.)  The Court again recognized that a corporate-only collective action case theory might lead to transfer of the lawsuit to Kentucky. (*Id.* 23:15-22.)[2]

**E.    Plaintiffs' Renewed (Third) Motion For Conditional Certification**

On March 12, 2018, just twelve days after the Court denied their Second Motion for Conditional Certification, Plaintiffs filed yet another Renewed Motion For Conditional Certification. (ECF No. 316.) Unlike Plaintiffs' first two attempts at conditional certification, Plaintiffs' Renewed Motion does not seek to conditionally certify a collective that includes delivery divers at franchisee-owned stores. Rather, in a completely new case theory, Plaintiffs' Renewed Motion seeks to conditionally certify a collective action comprised of individuals who were employed at stores owned by "PJI Corporate" or at joint ventures in which PJI controls the delivery driver reimbursement policy.  (ECF No. 316; ECF No. 321 at 9, 11.)  Plaintiff Richard Sobol is the only Named Plaintiff discussed in Plaintiffs' Renewed Motion for Conditional Certification.  (ECF No. 321.)  Mr. Sobol was employed at a corporate-owned store in Louisville, Kentucky. (ECF No. 321 at 2-3.)  Plaintiffs' Renewed Motion does not claim that PJI

---

[2] The Court also authorized filing this Motion without a pre-motion conference.

is liable for claims arising from stores owned by franchisees and does not address the claims of Named Plaintiffs Durling, Bellaspica, Wolff, and Morris. (*See* ECF No. 321.)

## ARGUMENT

### I. THIS COURT SHOULD TRANSFER THIS MATTER BECAUSE THE VAST MAJORITY OF DOCUMENTS AND WITNESSES RELEVANT TO PLAINTIFFS' CLAIMS ARE LOCATED IN KENTUCKY, NOT NEW YORK

This Court previously held that transfer was not appropriate under 28 U.S.C. § 1404(a) because most of the relevant factors were either "neutral" or "weighed against transfer." (March 29, 2017 Hrg. Tr. at 19: 9-13.) As Plaintiffs have now drastically pivoted their case theory from franchisee-focused to PJI corporate-focused, the majority of factors relevant to this Motion weigh in favor of transfer.[3]

#### A. Plaintiffs' Choice Of Forum Now Weighs In Favor Of Transfer

After balancing the factors to determine whether transfer was appropriate under Section 1404(a), the Court concluded that the first factor – Plaintiffs' choice of forum – weighed against transfer. The Court counted this factor against transfer because "plaintiff Durling is a resident of New York and worked for defendant in this district, and therefore, [there is] no evidence of forum shopping." (March 29, 2017 Hrg. Tr. at 10:19-22.) Now, however, circumstances have changed. Plaintiff Durling's employment at a franchisee location in New York has no connection to Plaintiffs' new case theory.  PJI does not own any stores or employ any delivery drivers in New York. (ECF No. 43 at 5.) Nor does PJI own any stores or employ any delivery drivers in New Jersey, Pennsylvania, or Delaware. (ECF No. 44 ¶¶ 6, 9, 10.) Accordingly, in light of Plaintiffs' change in case theory, Plaintiffs' decision to litigate in the Southern District of New York makes little sense, insofar as this District now has no connection

---

[3] In addition to the arguments below, PJI incorporates by reference, as if fully stated herein, its Memorandum of Law in Support of Its Motion to Transfer Venue to the United States District Court for the Western District of Kentucky. (ECF No. 43.)

to the case. The Court should therefore conclude that Plaintiffs' choice of forum has no meaningful connection to their new case theory.

**B.  The Convenience Of The Parties Factor Now Weighs In Favor Of Transfer**

The Court next considered the convenience of the parties. The Court concluded that "based on the residence of the majority of the named parties [and] the accessibility of New York . . . this factor slightly favors plaintiffs." (March 29, 2017 Hrg. Tr. at 15: 8-13.) The Court, moreover, specifically noted that "only Sobol lives in Kentucky." (March 29, 2017 Hrg. Tr. at 14:25.) As the only Named Plaintiff who worked at a corporate-owned store, now only Plaintiff Sobol's convenience matters for purposes of considering the convenience of the parties. (ECF No. 43 at 2.) Plaintiffs' Renewed Motion does not claim that PJI is liable for claims arising from stores owned by franchisees. Nor does it address the claims of Plaintiffs Durling, Bellaspica, Wolff and Morris. (*See* ECF No. 321.) Thus, under Plaintiffs' new case theory, the convenience of the other named Plaintiffs, all of whom worked at franchisee-owned stores, is no longer a factor that supports keeping this case in New York. Like the previous factor, this factor now favors transferring this case to the Western District of Kentucky.

**C.  The Locus Of Operative Facts Factor Now Weighs In Favor Of Transfer**

In its decision denying PJI's Motion to Transfer, the Court considered the locus of operative facts and found that this factor was neutral, primarily, because the "practices of franchise locations in Pennsylvania, New Jersey, and Delaware, will also be at issue in whatever court the case is in front of . . . ." (March 29, 2017 Hrg. Tr. at 16: 8-11.) This is no longer the case under Plaintiffs' new case theory. PJI does not own any stores or employ any delivery drivers in New Jersey, Pennsylvania, or Delaware. (ECF No. 44 ¶¶ 6, 9, 10.) The practices of franchisee stores are no longer relevant to this case. What matters now is where the "policies

6

underlying the claims were formulated." (*Id*. 16:4-5.) That location is the Western District of Kentucky, where PJI maintains its corporate headquarters. (*Id*.) Consequently, this factor is no longer neutral and now weighs in favor of transfer.

### D. The Relative Means Of Parties Factor Now Weighs In Favor Of Transfer

The last factor the Court addressed is the relative means of the parties. The Court concluded that this factor "somewhat favors plaintiffs." (March 29, 2017 Hrg. Tr. at 17: 4-6.) Although Plaintiffs offered no financial documents demonstrating that litigation in Kentucky would be burdensome, the Court nonetheless concluded that because Plaintiffs "recently worked delivering pizzas, it is a fairly safe bet that most of them are still relatively low-income earners." (March 29, 2017 Hrg. Tr. at 17: 2-4.) This factor, however, no longer weighs against transfer. Plaintiff Sobol is the only named Plaintiff who worked at a corporate-owned store, and that store is located in Kentucky, where he resides. (ECF No. 43 at 2.) Obviously, it is not financially burdensome for Plaintiff Sobol to litigate in his home state.

Block DocID

**CONCLUSION**

For the foregoing reasons, PJI respectfully requests that this Court transfer this action to the Western District of Kentucky.

**Dated: March 21, 2018**

SEYFARTH SHAW LLP
*Attorneys for Defendant Papa John's International, Inc.*


By:   */s/Gerald L. Maatman, Jr.*
     Gerald L. Maatman, Jr.
     Gina R. Merrill
     Brendan Sweeney
     Matthew J. Gagnon
     620 Eighth Avenue
     New York, NY 10018-1405
     Telephone: (212) 218-5500
     Facsimile: (212) 218-5526

## **CERTIFICATE OF SERVICE**

I hereby certify that on March __, 2018, I electronically filed the foregoing **DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF RENEWED MOTION TO TRANSFER VENUE TO THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF KENTUCKY** with the Clerk of the Court using CM/ECF, which will send electronic notification of such filing to the following counsel of record:

Jeremiah Frei-Pearson
D. Greg Blankinship
FINKELSTEIN, BLANKINSHIP,
FREI-PEARSON & GARBER, LLP
445 Hamilton Avenue, Suite 605
White Plains, NY  10601
jfrei-pearson@FBFGLaw.com

David J. Cohen
STEPHAN ZOURAS, LLP
604 Spruce Street
Philadelphia, PA  19106
dcohen@stephanzouras.com

James B. Zouras
Ryan F. Stephan
STEPHAN ZOURAS, LLP
205 N. Michigan Avenue, Suite 2560
Chicago, IL  60601
jzouras@stephanzouras.com
rstephan@stephanzouras.com

                                                */s/Gerald L. Maatman, Jr.*
                                                Gerald L. Maatman Jr.

1

Block DocID

Case 7:16-cv-03592-CS-JCM   Document 329   Filed 03/21/18   Page 10 of 10