# SEYFARTH SHAW

Seyfarth Shaw LLP
620 Eighth Avenue
New York, New York 10018
(212) 218-5500
fax (212) 218-5526
www.seyfarth.com

Writer's direct phone
(312) 460-5965

Writer's e-mail
gmaatman@seyfarth.com

April 4, 2018

*Via ECF and Email*

Hon. Cathy Seibel, U.S.D.J.
U.S. District Court for the Southern District of New York
The Hon. Charles L. Brieant Jt.
Federal Building & U.S. Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

      Re:    **Durling v. Papa John's International, Inc.,**
               **Civil Action No.: 7:16 Civ. 03592 (S.D.N.Y.)**

Dear Judge Seibel:

     This firm represents Defendant Papa John's International, Inc. ("Defendant" or "PJI") in the above-referenced matter. Per the Court's order of March 23, we submit this opposition to Plaintiffs' request for leave to file a proposed Consolidated Amended Complaint ("CAC") (ECF No. 327).

     After two years of litigation and two unsuccessful motions for conditional certification, Plaintiffs' counsel seek to change their case theory with a head-snapping pivot. The proposed CAC attempts to add new plaintiffs, new franchisee defendants, new state-law claims for state-wide classes under Rule 23, and a sub-collective action theory that *again* attempts to hold PJI liable for the employment practices of its franchisees. Plaintiffs do not, and cannot, claim that any factual information underlying these theories was not previously available to them. Indeed, Plaintiffs offer no explanation for their undue delay. The CAC would drastically change this case and prejudice PJI. As such, Plaintiffs cannot meet their burden under Fed. R. Civ. P. 16(b) or 15(a) to amend the complaint. Accordingly, Plaintiffs' request for leave to amend should be denied.

     Under Rule 16(b), Plaintiffs must show "good cause" for their proposed amendment. *See Grochowski v. Phoenix Const.*, 318 F.3d 80, 86 (2d Cir. 2003). Plaintiffs' deadline for amending without leave was September 16, 2016 (ECF No. 46). Under Rule 16(b), the Court's scheduling order "shall not be modified except upon a showing of good cause." *Id*. "[G]ood cause depends on the diligence of the moving party." *Id*. A movant fails to satisfy this burden when the proposed amendment is based on information the party knew or should have known in advance of the applicable deadline. *Salomon v. Adderley Indus., Inc.*, 960 F. Supp. 2d 502, 507 (S.D.N.Y. 2013). Under Rule 15(a), reasons to deny an amendment "include undue delay, bad faith, futility of the



amendment, and perhaps most important, the resulting prejudice to the opposing party." *New Amsterdam Capital Partners, LLC v. Wilson*, No. 11 Civ. 9716, 2015 WL 1137576, at *2 (S.D.N.Y. Mar. 13, 2015) (citations omitted). In addition, "when a party seeks to amend in the late stages of a case, the moving party bears 'an increased burden to show justification for failing to move earlier.'" *Cenveo Corp. v. Tant*, No. 3-06-1023, 2008 WL 11387080, at *3 (M.D. Tenn. Feb. 20, 2008) (denying motion to amend, filed after 14 months and on the eve of discovery cutoff).

Only two material things have changed since Plaintiffs' filed their July 2016 Amended Complaint: (1) the Court has twice rejected Plaintiffs' theory that PJI is responsible for the personnel practices of its franchisees; and (2) PJI renewed its Motion to Transfer this case to the Western District of Kentucky. (Min. Ent., Mar. 29, 2017 and Mar. 1, 2018; ECF Nos. 328, 329.)

Plaintiffs' proposed CAC is not based on newly discovered evidence, but instead is an obvious attempt to avoid transfer. Plaintiffs claim that they should be permitted to add three entities, including CSP Pizza Corp., PJ Hudson Valley East, LLC, and PJ Hudson Valley West, LLC, as defendants because they, along with PJI, were the "joint employer of Plaintiff William Durling at the Papa John's store in Poughkeepsie, New York, where he worked as a delivery driver." (ECF No. 327 at 2). But Plaintiffs could have included these entities when they filed their original Complaint in May 2016. Plaintiff Durling testified at his November 29, 2016 deposition that he worked at a Papa John's franchisee-owned location from March to September 2015. Plaintiffs do not explain why they should be permitted to add these new parties as defendants when the factual information that supports their claims has been available to them for almost two years.[1]

The claims of the individuals that Plaintiffs seek to add as Named Plaintiffs are also not new. Three of these individuals filed consents to join this case approximately one year ago.[2] Each of these three individuals submitted declarations, on April 30, 2017, detailing the facts of their purported claims (ECF Nos. 166, 181, and 187). Plaintiffs offer no explanation for their delay in seeking to add these individuals and their state law claims after knowing about them for so long.

In addition to seeking to avoid transfer, Plaintiffs attempt to use their proposed CAC to re-plead and resurrect the case theory that has been twice rejected by this Court, insofar as it again pursues a collective action consisting of franchisee delivery drivers. (*See* CAC ¶ ¶ 76-79; fn. 6.) As such, Plaintiffs' amendment is futile. *See Jian Lin v. Toyo Food, Inc*., No. 12 Civ. 7392, 2016 WL 4502040 (S.D.N.Y. Aug. 25, 2016) (denying amendment as futile). As the Court recognized during the March 1, 2018 Bench Ruling, after two years of litigation: "Plaintiffs have not provided

---

[1] While there are hundreds of franchisees that Plaintiffs could have attempted to add as defendants, they only seek to add New York franchisees in a thinly veiled effort to avoid PJI's Renewed Motion to Transfer. (ECF No. 328.) The Court should not permit this gamesmanship. *Brennan v. Roman Catholic Diocese of Syracuse New York, Inc.*, No. 8:07-CV-1848, 2009 WL 10671159, at *3 n.2 (M.D. Fla. Sept. 4, 2009) (noting Plaintiff's motion to amend filed after defendant's motion to transfer "appears designed solely to avoid transfer"); *State Trading Corp. of India v. Assuranceforeningen Skuld*, 921 F.2d 409, 418 (2d Cir. 1990) (concluding that Plaintiff's delay was "tactical" and "that the district court did not abuse its discretion in denying leave to amend, for which STC offered no explanation, was unreasonably long and apparently lacked a good faith basis.").

[2] Jesse Tourville filed a Consent to Join on March 23, 2017 (ECF No. 146); Aaron Nelson filed a Consent to Join on March 27, 2017 (ECF No. 147), and Joshua Boyland filed a Consent to Join on April 6, 2017 (ECF No. 152).



credible evidence of a unitary PJI-dictated policy" (Mar. 1 Hrg. Tr. 16:14-15) and "there is no evidence that even suggests" the franchisee reimbursement rates "were set by PJI." (*Id.* 15:11-12.) The proposed CAC does not change this reality.

Plaintiffs' undue delay in asserting the theories and adding the parties in the proposed CAC also would cause undue prejudice to PJI. *See Lamothe*, 2011 WL 4974804, at *8 (finding "undue prejudicial delay because the action is occurring at a relatively late stage in the proceedings in a three year old case."). In finding prejudice, courts "generally consider whether the assertion of the new claim or defense would (i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." *Portelos v. City of New York*, No. 12-CV-3141, 2015 WL 5475494, at *2 (E.D.N.Y. Sept. 15, 2015) (citations omitted).

After three extensions, fact discovery is set to close on April 30. (ECF Nos. 204, 286; Minute Entry, Feb. 2, 2018.) If the amendment were permitted, the entire case schedule would have to be extended and revamped in a significant manner to allow time for the franchisee defendants to file responsive pleadings, and build in time for conducting new discovery and addressing related discovery motions. PJI would have to "expend significant additional resources" to conduct discovery related to the new franchisee defendants and the new named plaintiffs. *See Lamothe*, 2011 WL 4974804, at *8 (denying amendment that would "alter the scope of discovery" where "Plaintiffs are seeking to add several new causes of action against . . . defendants."). Plaintiffs' proposed amendment potentially would add years to this lawsuit.

Allowing the amendment also would unfairly reward Plaintiffs for drastically changing case theories after years of litigation. Plaintiffs' amendment would unfairly give them the benefit of filing an amended complaint after testing the same unsuccessful theory *twice*. *See Rountree v. US Bank NA*, No. 15 Civ. 9018, 2017 WL 31405, at *18 (S.D.N.Y. Jan. 3, 2017) (denying amendment after motions to dismiss "identified the deficiencies in [plaintiff's] original Complaint."). Plaintiffs' amendment therefore "upend[s]" PJI's "settled expectations" that Plaintiffs intended to pursue their theories advanced in the operative complaint by the existing plaintiffs against the sole existing defendant. *Id.* This is unfair. "A sharp change in litigation strategy after the non-moving party has devoted considerable time and expense to discovery, motion practice, and other proceedings in preparation for trial can constitute prejudice." *Roller Bearing Co. of Am., Inc. v. Am. Software, USA, Inc.*, 570 F. Supp. 2d 376, 384 (D. Conn. 2008).[3]

For these reasons, the Court should deny Plaintiffs' amendment. Alternatively, PJI requests that the Court set a briefing schedule on Plaintiffs' Motion for Leave to Amend. Thank you.

---

[3] Plaintiffs place undue weight on the Court's comment, during the March 1 hearing, that "the way to go" forward might involve instead seek[ing] a collective against [a specific] franchise." (ECF No. 327 at 2.) Plaintiffs' counsel is certainly free to pursue new, separate claims against franchisees. The Court's comments, however, do not authorize adding these claims into Plaintiffs' two year old case against PJI. *Dawson v. Pelican Mgmt., Inc.*, No. 11 CV 1753 KAM LB, 2012 WL 2357308, at *4 (E.D.N.Y. June 1, 2012), *report and recommendation adopted*, No. 11-CV-1753 KAM LB, 2012 WL 2344663 (E.D.N.Y. June 19, 2012) (denying leave to amend because of undue delay and because the plaintiff could file a new case asserting her proposed FLSA claims).



Hon. Cathy Seibel, U.S.D.J.
April 4, 2018
Page 4

        Respectfully submitted,

        SEYFARTH SHAW LLP

        */s/ Gerald L. Maatman, Jr.*

        Gerald L. Maatman, Jr.

cc: Counsel of Record