

Seyfarth Shaw LLP
620 Eighth Avenue
New York, New York  10018
(212) 218-5500
fax (212) 218-5526
www.seyfarth.com

Writer's direct phone
(312) 460-5965

Writer's e-mail
gmaatman@seyfarth.com

November 27, 2018

*Via ECF*

Hon. Judith C. McCarthy, U.S. Magistrate Judge.
U.S. District Court for the Southern District of New York
300 Quarropas St.
White Plains, NY 10601-4150

> Re:   *Durling v. Papa John's International, Inc.*,
>       **Civil Action No.: 7:16-CV-03592 (S.D.N.Y.)**

Dear Judge McCarthy:

 This firm represents Defendant Papa John's International, Inc. ("PJI"). Per Your Honor's November 13, 2018 Order (ECF No. 418), the parties have submitted a joint Opt-in discovery plan reflecting the agreement of the parties on all issues except the number of depositions that PJI is entitled to take. After several meet and confers, we write to bring this discovery dispute to Your Honor's attention.

There are currently 9,571 Opt-in plaintiffs. PJI's Opt-in discovery plan proposes that PJI depose 75 Op-in plaintiffs, with Plaintiffs potentially providing an additional 10 to be selected for deposition. PJI proposes limiting the length of these depositions to 3 hours, with the option of using 7 hours for 10 of the Opt-in deponents. PJI has also agreed to take these depositions telephonically and/or by videoconference.  By contrast, Plaintiffs wish to limit PJI to only 25 depositions (with the right to seek additional depositions upon a showing of good cause).  PJI submits that Plaintiffs'

52224748v.1



position is unreasonable given that 25 deponents represents a mere 0.26% of the total Opt-in population.

PJI's request to depose **less than 1%** of the total Opt-in population (75 Opt-ins is 0.78%) is modest in comparison to what district courts within the Second Circuit and other jurisdictions have allowed. *See, e.g.*, *Lloyd v. J.P. Morgan Chase & Co.*, No. 11 Civ. 9305, 2015 WL 1283681, at *4 (S.D.N.Y. Mar. 20, 2015) (rejecting plaintiffs' request for representative sampling and allowing depositions of 20% of 100 Opt-ins); *Scott v. Chipotle Mexican Grill*, 300 F.R.D. 188, 192 (S.D.N.Y. 2014) (allowing depositions of 10% of 582 Opt-Ins); *Morangelli v. Chemed Corp.*, No. 10 Civ. 00876, 2011 WL 7475, at *1 (E.D.N.Y. 2011) (allowing 40 sample depositions, equaling about 10% of the Opt-in plaintiffs); *O'Toole v. Sears Roebuck & Co.*, No. 11 C 4611, 2014 WL 1388660, at *3 (N.D. Ill. Apr. 10, 2014) (allowing defendants to depose 10% of the opt-ins); *Smith v. Family Video Movie Club, Inc.*, No. 11 C 1773, 2012 WL 4464887, at *3 (N.D. Ill. Sept. 27, 2012) (permitting Defendant to depose roughly 10% of the 828 Opt-in plaintiffs); *Cranney v. Carriage Servs., Inc.*, 2008 WL 2457912, at *2–3 (D. Nev. 2008) (limiting individualized discovery to 10% of the Opt-ins).

Ideally we would have an opportunity to depose 5 to 10 percent of the Opt-in population – a percentage that is routinely granted by courts – but PJI recognizes the impracticality of conducting hundreds of depositions in terms of time and expense. Defendant's compromise position is therefore designed to capture the minimum amount of testimony necessary to be meaningful in a case with an Opt-in population of this size. Accordingly, PJI respectfully requests that the Court allow it to depose 75 members of the Opt-in population.

We thank Your Honor for your continued attention to this matter.



Respectfully submitted,

SEYFARTH SHAW LLP

*/s/ Gerald L. Maatman, Jr.*

Gerald L. Maatman, Jr.

cc: Counsel of Record