UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RICHARD SOBOL, MUHAMMAD SULTAN, AMANDA HUBBARD, AARON NELSON, EDGAR BUSTAMANTE, JACOB PONTOW, MILTON DEARRY, REYNARD WEBB, and JOSHUA BOYLAND, for themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PAPA JOHN'S INTERNATIONAL, INC.,<br><br>Defendant. | Case No. 7:16-cv-03592-CS-JCM |

## [PROPOSED] FINAL APPROVAL ORDER AND JUDGMENT

Plaintiffs Amanda Hubbard, Joshua Boyland, Edgar Bustamante, Milton Dearry, Aaron Nelson, Jacob Pontow, Renard Webb, Richard Sobol and Muhammed Sultan, individually and on behalf of others allegedly similarly situated, and Defendant Papa John's International, Inc., ("Defendant," or together with Plaintiffs "the Parties"), have moved for final approval of the proposed class action and collective action settlement.

AND NOW, this 27th day of July, 2023, upon consideration of Plaintiffs' Unopposed Motion for Final Collective Action Settlement Approval, the accompanying Memorandum of Law and all exhibits thereto, the representations of counsel during the July 27, 2023 Final Approval Hearing, and all other papers and proceedings herein, and for the reasons set forth on the record today, it is hereby ORDERED as follows:

A. The provisions of the Settlement, including definitions of the terms used therein, are hereby incorporated by reference as though fully set forth herein;

B. The Court was advised that the Parties, through their counsel, have agreed, subject to Court approval following notice to the Class, to settle these Actions (the "Actions")

upon the terms and conditions set forth in the Settlement Agreement which was filed with the Court; and

C. The Court entered its Order Preliminarily Approving Settlement and Providing for Notice on December 19, 2022, and said notice has been made, and the final fairness hearing has been held;

NOW, THEREFORE, based upon the Settlement Agreement and all of the filings, records, and proceedings herein, and it appearing to the Court upon examination that the Settlement Agreement is fair, reasonable, and adequate, and upon a Settlement Fairness Hearing having been held after Notice to the Class of the proposed Settlement to determine if the Settlement is fair, reasonable, and adequate and whether a Final Judgment of Dismissal with Prejudice ("Final Judgment") should be entered in the Actions based upon the terms of the Settlement Agreement.

**THE COURT HEREBY ORDERS, ADJUDGES, AND DECREES:**

1. The Settlement Agreement is procedurally fair because: 1) the Parties engaged in arm's-length negotiations overseen by an experienced mediator, Judge Wayne Andersen (Retired from the U.S. District Court for the Northern District of Illinois) of JAMS, to reach the proposed Settlement; 2) the value of the Settlement is higher than the value proposed by Judge Andersen; 3) there was sufficient discovery for both sides to evaluate liability and calculate possible damages; 4) the proponents of the Settlement are highly experienced and able attorneys who are familiar with class action litigation and FLSA collective action litigation; and 5) the Class responded favorably to the proposed Settlement.

2. This $20 Million Settlement is aligned with settlements among similar cases. *Compare, e.g Perrin v. Papa John's Int'l, Inc.*, No. 09-01335 (E.D. Mo. Jan. 12, 2016), ECF No. 454 (approving a $12.5 Million settlement for insufficient vehicle cost reimbursement); *Fata v. Pizza Hut of Am.*, No. 6:14-cv-376-Orl-37DCI, 2016 U.S. Dist. LEXIS 153035 (M.D. Fla. Oct. 31, 2016) (approving $3.1

Million settlement); ~~*Arledge v Domino's Pizza, Inc.*, No. 16-386, 2081 WL 5023950 (W.D. Ohio Oct. 17, 2018) (approving $1.1 Million settlement)~~. The Court ~~further~~ notes that the Class's reaction to the Settlement was excellent, as there were no objections and only three opt-outs in a class of over 48,000 members. Accordingly, the Court hereby approves the proposed Settlement as fair, reasonable, and adequate in light of all the relevant considerations, including the test established in *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974) and *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 1199, 201 (2d Cir. 2015);

3. The Court appoints Amanda Hubbard, Joshua Boyland, Edgar Bustamante, Milton Dearry, Aaron Nelson, Jacob Pontow, Renard Webb as Class Representatives, and Richard Sobol and Muhammed Sultan as Class and Collective Action Representatives;

4. The Court finally certifies the Class for the reasons set forth in its order preliminarily certifying the Class, ECF No. 606, and appoints Jeremiah Frei-Pearson and Andrew C. White of Finkelstein, Blankinship, Frei-Pearson & Garber LLP and Mark Potashnick of Weinhaus & Potashnick as Class Counsel;

5. The Court finds that the requested Service Awards are reasonable to compensate the Service Award recipients for their service to the Class. *See, e.g., Villanueva v. Wells Fargo Bank, N.A.*, No. 13-5429 (S.D.N.Y. Feb. 13, 2017), ECF No. 116. Accordingly, the Court hereby approves payment of Service Awards of $5,000.00 for each of the Named Plaintiffs Sobol, Sultan, Hubbard, Nelson, Bustamante, Pontow, Dearry, Webb, and Boyland. The Court also approves Service Awards of $1,000.00 for each of various Service Award recipients as described in the Settlement Agreement;

6. The Court hereby approves Plaintiffs' counsel's request for $6,666,650.00 in attorneys' fees and $650,00.00 in litigation expenses as fully justified in light of the substantial recovery, the hours expended, ~~the reasonable hourly rates charged by Plaintiffs' counsel~~, and the excellent quality of Plaintiffs' counsel's work;

7. The Court hereby approves payment to RG/2 Claims Administration, the Settlement Administrator, of $211,651.00 for its work in this litigation;

8. The Settlement Administrator shall make all required payments pursuant to the Settlement Agreement.

9. The claims of any Class Member who did not opt-out of the Class or Opt-In Plaintiff who did not opt-out are hereby released pursuant to the terms of the Settlement Agreement.

10. The Clerk shall mark the above-captioned case DISMISSED WITH PREJUDICE.

11. Without affecting the finality of this Order, the Court retains jurisdiction for the purposes of enabling the settling Parties to apply to this Court for such further orders or guidance as may be necessary for the construction, modification, or enforcement of the Settlement Agreement or this Final Approval Order and Judgment.

IT IS SO ORDERED on this 27th day of July, 2023

_____
United States District Judge

*The Clerk shall terminate ECF Nos. 613 & 616, and close the case.*